UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL D. ALLEN,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF RENO, et. al.,<br><br>    Defendants | Case No.: 3:20-cv-00432-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $92.97, and his average monthly deposits were $570.

Plaintiff's application to proceed IFP should be granted. Plaintiff should be required to pay an initial partial filing fee in the amount of $114 (20 percent of $570). Thereafter, whenever

his account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The caption of Plaintiff's complaint names the City of Reno and Reno Police Department. The complaint also lists as defendants Reno Police Department Detective J. Kinkade and the Regional Crime Suppression Unit.

In Claim 1, Plaintiff alleges that Detective Kinkade used excessive force against him resulting in his hospitalization. He avers that after other detectives handcuffed his right arm behind his back, Kinkade took his left arm and pinned his wrist against the back of his head with

his knee and with all of his weight. Then, Kinkade kept him in a defenseless position and started punching his face, asking over and over again, "Are you going cry big guy?" The paramedics arrived, and his head and face started to swell, and he was taken to the hospital.

While Plaintiff references the Eighth Amendment, his claim arises from the Fourth Amendment: Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). ); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc) ("A Fourth Amendment claim of excessive force is analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*."). This analysis "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted). The question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (citations omitted).

Plaintiff should be allowed to proceed with his Fourth Amendment excessive force claim against Kinkade.

In Claim 2, Plaintiff alleges that while in the hospital, Kinkade (and another officer not named a defendant) started harassing him, trying to make him believe that he deserved the brutality which caused him to second-guess himself and to hesitate about filing this complaint.

A plaintiff asserting an intentional infliction of emotional distress (IIED) claim in Nevada must demonstrate: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme

emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92-93, 97 Nev. 124, 125 (1981) (citation omitted).

"[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community. *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26, 114 Nev. 1, 4 (1998) (citation and quotation marks omitted). "[P]ersons must necessarily be expected and required to be hardened … to occasional acts that are definitely inconsiderate and unkind." *Id*. (citation and quotation marks omitted).

Plaintiff's allegations are too vague for the court to determine whether the comments from Kinkade are that which are "outside all possible bounds of decency and is regarded as utterly intolerable." Therefore, the IIED claim should be dismissed with leave to amend.

In Claim 3, Plaintiff alleges that after he was released from the hospital and taken to the jail, he suffered two seizures when he has never experienced seizures before. He believes this is connected to the excessive force by Kinkade.

Plaintiff does not state a new claim here. Instead, this is a continuation of his excessive force claim.

Plaintiff names the City of Reno and Reno Police Department "as employer" of Kinkade. (ECF No. 1-1 at 2.) He also names the Regional Crime Suppression unit.

First, as to the Reno Police Department and Regional Crime Suppression Unit, under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996). Therefore, the Reno Police Department and Regional Crime Suppression Unit are not proper defendants. The City of Reno may be a proper defendant; however, a municipality may not be sued under a respondeat superior theory (i.e., the

city may not be sued just because it is the employer of the person who allegedly committed unconstitutional acts). *Horton v. City of Santa Maria,* 915 F.3d 592 (9th Cir. 2019) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693-95 (1978)). Instead, municipalities can be liable for the infringement of constitutional rights only under certain circumstances. *Monell,* 436 U.S. 658, 690-95. "In particular, municipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton,* 915 F.3d at 602-03. "A plaintiff must therefore show '*deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights.'" *Id.* (quoting *Bd. of Cty. Comm'rs v. Brown,* 520 U.S. 397, 415 (1997)).

The Reno Police Department and Regional Crime Suppression Unit should be dismissed with prejudice. Currently, Plaintiff does not state a claim for relief against the City of Reno. He impermissibly bases liability on the fact that the City of Reno employs Kinkade. Plaintiff should be given leave to amend to attempt to assert a proper claim against the City of Reno. Alternatively, Plaintiff may notify the court if he only wishes to proceed against Kinkade.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order as follows:

(1) Plaintiff's IFP application (ECF No. 1) should be **GRANTED**; however, within **30 DAYS** of any order adopting this Report and Recommendation, Plaintiff should be required to pay, through the Washoe County Detention Facility, an initial partial filing fee in the amount of $114. Thereafter, whenever his account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise

unsuccessful. The Clerk must **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Washoe County Detention Facility**, 911 E. Parr Blvd., Reno, Nevada 89512.

(2) The Clerk should be instructed to **FILE** the complaint (ECF No. 1-1).

(3) Plaintiff should be allowed to **PROCEED** with his Fourth Amendment excessive force claim against Kinkade. The City of Reno should be **DISMISSED WITH LEAVE TO AMEND.** The IIED claim should be **DISMISSED WITH LEAVE TO AMEND**. The Reno Police Department and Regional Crime Suppression Unit should be **DISMISSED WITH PREJUDICE**.

(4) Plaintiff should be given **30 DAYS** from the date of any order adopting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed. Alternatively, Plaintiff may notify the court within the same timeframe that he wishes to proceed only with the excessive force claim against Kinkade.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 25, 2020

_____
William G. Cobb
United States Magistrate Judge