1

2

3                      UNITED STATES DISTRICT COURT

4                            DISTRICT OF NEVADA

5                                  * * *

6    NATHANIEL D. ALLEN,                      Case No. 3:20-cv-00432-MMD-WGC

7                            Plaintiff,                    ORDER

8           v.

9    CITY OF RENO, *et al.*,

10                          Defendants.

11

12          *Pro Se* Plaintiff Nathaniel D. Allen brings this action under 42 U.S.C. § 1983. (ECF

13   No. 1-1.) Before the Court is the Report and Recommendation ("R&R") of United States

14   Magistrate Judge William G. Cobb (ECF No. 5), recommending that the Court take the

15   following actions: (1) grant Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF

16   No. 1); (2) allow Plaintiff to proceed with his Fourth Amendment excessive force claim

17   against Defendant Kinkade; (3) dismiss Plaintiff's intentional infliction of emotional distress

18   ("IIED") claim with leave to amend; (4) dismiss the Reno Police Department and Regional

19   Crime Suppression Unit with prejudice; and (5) dismiss the City of Reno with leave to

20   amend. (ECF No. 5 at 7-8.) Plaintiff had until September 8, 2020, to file objections. To

21   date, no objection to the R&R has been filed. For this reason, and as explained below, the

22   Court adopts the R&R in its entirety.

23          This Court "may accept, reject, or modify, in whole or in part, the findings or

24   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

25   timely objects to a magistrate judge's report and recommendation, then the Court is

26   required to "make a *de novo* determination of those portions of the [report and

27   recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails

28   to object, however, the Court is not required to conduct "any review at all . . . of any issue

that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but only if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

As noted, Plaintiff did not file an objection to the R&R. Nevertheless, the Court conducts a *de novo* review to determine whether to accept the R&R. Upon reviewing the R&R, the Court finds good cause to adopt Judge Cobb's recommendation in full.

The Court agrees with Judge Cobb's finding that Plaintiff's IFP application demonstrates that he cannot pay the filing fee. (ECF No. 5 at 2-3.)

Judge Cobb recommends that Plaintiff be allowed to proceed with his excessive force claim against Kinkade. (*Id.* at 4-5.) Claims of excessive force during the arrest or seizure of a person are analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989). Plaintiff alleges that after other detectives handcuffed him, Kinkade "pinned [Plaintiff's] wrist against the back of [Plaintiff's] head" with "his knee and weight of his whole body." (ECF No. 1-1 at 4.) Kinkade then punched Plaintiff in the left eye repeatedly, while asking him "[a]re you going to cry big guy?" (*Id.*) Plaintiff replied "[p]lease stop punching me," but the brutality lasted "for approximately a minute." (*Id.*) Liberally construing Plaintiff's allegations, Plaintiff has stated an excessive force claim against Kinkade, as Kinkade's actions were not "objectively reasonable in light of the facts and circumstances. . .." *Graham*, 490 U.S. at 397. The Court therefore agrees with Judge Cobb's recommendation to permit Plaintiff to proceed with his excessive force claim against Kinkade.

Judge Cobb also recommends dismissal of Plaintiff's IIED claim for failure to state a claim. IIED requires "extreme and outrageous conduct" that is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community."

1  *Maduike v. Agency Rent-A-Car*, 953 P.2d 24, 26 (Nev. 1998). Here, Plaintiff alleges that

2  after he arrived at Renown Hospital, Kinkade and Rasmussen harassed him "by saying

3  and trying to make [him] believe that [he] deserved the said, 'Police brutality and cruel and

4  unusual punishment.'" (ECF No. 1-1 at 5.) Even liberally construing these allegations,

5  Plaintiff's description of Kinkade's conduct at the hospital is vague and "does not rise to

6  the level of being atrocious, intolerable or outside all possible bounds of decency."

7  *Maduike*, 953 P.2d at 26. The Court therefore dismisses Plaintiff's IIED claim with leave

8  to amend.

9      The Court also agrees with Judge Cobb that the Reno Police Department and

10  Regional Crime Suppression Unit are not proper defendants. (ECF No. 5 at 6-7.) A

11  department of a municipal government may not be sued in its departmental name absent

12  some statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev.1996)

13  ("The State of Nevada has not waived immunity on behalf of its departments of political

14  subdivisions."). Accordingly, the Court dismisses with prejudice Defendants Reno Police

15  Department and Regional Crime Suppression Unit.

16      The Court also dismisses the City of Reno because Plaintiff's only basis for liability

17  against the city is the fact that it employs Kinkade. *See Horton v. City of Santa Maria*, 915

18  F.3d 592 (9th Cir. 2019) (finding that a municipality may not be sued under a respondeat

19  superior theory—i.e., the city may not be sued just because it is the employer of the person

20  who allegedly committed unconstitutional acts). However, Plaintiff is granted leave to

21  amend to assert a claim against the City of Reno to the extent Plaintiff can correct this

22  deficiency.[1]

23

24      [1]Plaintiff should be aware that municipalities can be liable for the infringement of
constitutional rights only under certain circumstances. *Monell v. New York City Dept. of*
25  *Soc. Serv.*, 436 U.S. 658, 690-95 (1978). "In particular, municipalities may be liable under
§ 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice
26  or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final
policymaker." *Horton by Horton v City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir.
27  2019). "A plaintiff must therefore show 'deliberate action attributable to the municipality
[that] directly caused a deprivation of federal rights.'" *Id.* (quoting *Bd. of Cty. Comm'rs v.*
28  *Brown*, 520 U.S. 397, 415 (1997)).

1    It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No.

2    5) is adopted in its entirety.

3    It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF

4    No. 1) is granted.

5    It is further ordered that the Clerk of Court file the original complaint (ECF No. 1-1).

6    It is further ordered that Plaintiff may proceed with his Fourth Amendment excessive

7    force claim against Kinkade.

8    It is further ordered that Plaintiff's intentional infliction of emotional distress claim is

9    dismissed with leave to amend.

10    It is further ordered that Defendants Reno Police Department and Regional Crime

11    Suppression Unit are dismissed with prejudice.

12    It is further ordered that the City of Reno is dismissed with leave to amend.

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

It is further ordered that Plaintiff has 30 days from the date of this order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the Court. Plaintiff must clearly title the amended pleading as "Amended Complaint." If Plaintiff fails to file an amended complaint within the 30 days, Plaintiff's IIED claim and claims against the City of Reno will be dismissed with prejudice and this case will proceed only on Plaintiff Fourth Amendment excessive force claim against Kinkade. Alternatively, Plaintiff may notify the Court within the same timeframe that he wishes to proceed only with the excessive force claim against Kinkade.[2]

DATED THIS 11th day of September 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff has already notified the Court that he wishes to proceed only on his excessive force claim against Kinkade. (ECF No. 6.) However, Plaintiff's notification was premature as Judge Cobb's R&R was a recommendation, not an order, and final determination as to whether the recommendation should be accepted is left to this Court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* LR IB 1-4. Accordingly, if Plaintiff wishes to only proceed on his excessive force claim against Kinkade, he must re-file his notification.