UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL D. ALLEN, | Case No.: 3:20-cv-00432-MMD-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 9 |
| CITY OF RENO, et. al., | |
| Defendants | |

Plaintiff, who is detained at the Washoe County Detention Facility (WCDF), has filed this amended complaint, which the court now screens under 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

## I. BACKGROUND

The court previously issued a report and recommendation granting Plaintiff's application to proceed in forma pauperis (IFP) (ECF No. 1), requiring him to pay the filing fee over time, and screening his pro se complaint (ECF No. 1-1). Plaintiff alleged that Reno Police Department Detective J. Kinkade used excessive force against him which resulted in his hospitalization and then harassed him in the hospital afterward. The court recommended that Plaintiff be permitted to proceed with his Fourth Amendment excessive force claim against Kinkade; that his State law intentional infliction of emotional distress (IIED) claim be dismissed with leave to amend; and that the Reno Police Department and Regional Crime Suppression Unit be dismissed, but that Plaintiff be given leave to amend to assert a claim against the City of Reno. (ECF No. 5.) District Judge Du adopted the report and recommendation. (ECF No. 7.)

Plaintiff subsequently filed an amended complaint (ECF No. 9), which the court now screens.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii) and 28 U.S.C. § 1915A(a), (b)(1-2).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff's amended complaint names Reno Police Department Detective J. Kinkade as well as the City of Reno. Plaintiff again alleges that Detective Kinkade used excessive force against him when he pinned Plaintiff's left wrist against the back of his head with his knee and the weight of his body, kept Plaintiff in a defenseless position, and started punching Plaintiff in the left eye while asking Plaintiff, "Are you going to cry big guy?" Plaintiff asked Kinkade to stop punching him, but the punching went on for a minute, until the paramedics arrived and took

Plaintiff to the hospital. Plaintiff further alleges that the other detectives did nothing to help him or to stop Detective Kinkade. In addition, he avers that the City of Reno either improperly trained Detective Kinkade or failed to supervise Detective Kinkade. Plaintiff references both the Fourth and Eighth Amendments.

As the court found with the original complaint, Plaintiff may proceed with his Fourth Amendment excessive force claim against Kinkade.[1] Plaintiff mentions that the other detectives present did not intervene, but does not identify any of those officers. He does not currently state a claim against those officers, but Plaintiff may seek leave to amend (within the parameters of any applicable scheduling order) to state a claim against the other detectives in the event he discovers their identity through discovery.

The court advised Plaintiff in screening the original complaint that to state a claim against the City of Reno he must include *factual allegations* that demonstrate that the municipal defendant is subject to liability because the alleged unconstitutional conduct was done pursuant to an official policy, was the result of a failure to train, supervise or discipline, or is the result of a decision or act by a final policymaker. *See Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). Plaintiff merely states the conclusion that the City of Reno either failed to train or improperly supervised Kinkade without including any supporting *factual allegations*. This is insufficient to maintain a claim against the City of Reno. Therefore, the City of Reno will be dismissed; however, the dismissal is without prejudice, and Plaintiff may seek leave to amend (within the parameters of any applicable scheduling order) to name the City of Reno if he discovers a basis for liability in discovery.

---

[1] Plaintiff does not allege he was a convicted inmate at the time of the incident; therefore, the Fourth Amendment, and not the Eighth Amendment, applies to his claim.

In sum, at this time this case will proceed with the Fourth Amendment claim against Kinkade in the amended complaint.

### III. CONCLUSION

(1) This action will **PROCEED** with the Fourth Amendment excessive force claim against Kinkade in the amended complaint (ECF No. 9). His claims against the unidentified other detectives, as well as any claims against the City of Reno, are **DISMISSED WITHOUT PREJUDICE.** Plaintiff may seek leave to amend to state such claims, within the parameters of any applicable scheduling order, if he discovers information that provides a plausible basis for liability during discovery.

(2) The Clerk shall **ISSUE** a summons for defendant J. Kinkade and **DELIVER** the summons to the U.S. Marshal for service, and the Clerk shall **SEND** sufficient copies of the amended complaint (ECF No. 9) and this Order to the U.S. Marshal for service on defendant Kinkade.

(3) The Clerk shall **SEND** to Plaintiff a USM-285 form. Plaintiff has **30 days** to furnish the U.S. Marshal with the completed USM-285 form. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the court indicating whether Kinkade was served or not. If service was not accomplished, and if Plaintiff wishes to have serve attempted again, then a motion must be filed with the court that specifies a more detailed name and/or address for the defendant, or whether some other manner of service should be attempted. Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule IA 6-1 and Local Rule 26-4

that is supported by a showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(4) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

Dated: April 13, 2021

_____
William G. Cobb
United States Magistrate Judge