UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL D. ALLEN,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>CITY OF RENO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00432-ART-CSD<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

Before the Court is Defendant Jacob Kinkade's motion for summary judgment (ECF No. 33). Defendant Kinkade bases his motion for summary judgment upon pro se Plaintiff Nathaniel D. Allen's failure to respond to a set of requests for admissions served upon Plaintiff on July 20, 2021, which are deemed admitted by virtue of Plaintiff's failure to respond pursuant to Fed. R. Civ. P. 36(a)(3). Plaintiff explains in his response to Defendant Kinkade's motion for summary judgment that he did not understand the requests for admissions and did not respond to them because he thought that responding to them would constitute consent to an offer of judgment which was served upon Plaintiff at the same time. (ECF No. 35.) Because Plaintiff is proceeding pro se and because the requests for admissions did not notify Plaintiff of the effect of failing to respond to them, the Court extends the time for Plaintiff to answer Defendant Kinkade's requests for admissions and denies Defendant Kinkade's motion for summary judgment without prejudice as premature.

## I.　DISCUSSION

Plaintiff's amended complaint seeks compensatory damages against Defendant Kinkade individually and against the City of Reno for failure to train and supervise Defendant Kinkade. (ECF No. 9.) The Court screened Plaintiff's amended complaint and dismissed the claim against the City of Reno without

1

1   prejudice, allowing the claim against Defendant Kinkade to proceed. (ECF No.
2   15.) The Court issued a scheduling order which set a discovery cutoff date of
3   September 21, 2021. (ECF No. 19.)

4         On July 20, 2021, Defendant Kinkade served upon Plaintiff a set of
5   requests for admissions. (ECF No. 33.) According to Plaintiff, at this time
6   Defendant Kinkade served upon Plaintiff a total of six items: (1) a request for
7   production of documents; (2) the set of requests for admissions at issue; (3) a
8   stipulation for dismissal with prejudice; (4) a release of all claims form; (5) a W-9
9   form; and (6) an offer of judgement in the amount of $500. (ECF No. 35.) Plaintiff
10  explains that he mistakenly thought that the requests for admissions were related
11  to the offer to settle the case and that by responding to them, he would be
12  accepting Defendant Kincade's offer of judgment, which he did not want to do.
13  (*Id.*) Defendant Kincade's requests for admissions did not contain any language
14  notifying or warning Plaintiff that failure to respond to the requests for
15  admissions would entail that the matters would be deemed admitted. (ECF No.
16  33-1.)

17        This issue was considered in *Diggs v. Keller*, 181 F.R.D. 468, 469 (D. Nev.
18  1998). In *Diggs*, a pro se prisoner plaintiff faced a summary judgment motion
19  from the defendants based on admissions which were deemed admitted due to
20  the plaintiff's failure to respond to a set of requests for admissions. *Id.* The
21  requests for admissions did not advise the plaintiff that failure to respond would
22  entail that the matters in the requests would be deemed admitted. *Id.* The plaintiff
23  explained that he did not respond to the requests for admissions based on the
24  mistaken thought that he could answer the requests for admissions in person at
25  an oral deposition. *Id.*

26        Citing *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988), the
27  court in *Diggs* held that "pro se prisoners are entitled to notice that matters found
28  in requests for admission will be deemed admitted unless responded to within 30

days after such requests have been served." *Id.* ("To hold otherwise would allow parties opposing pro se prisoner complaints to use Rule 36 procedures as a snare which prevents pro se prisoners from opposing summary judgment."). *Diggs* is instructive here because Defendant Kinkade's requests for admissions did not notify or warn Plaintiff, who is pro se, of the consequences of not responding. The Court will grant Plaintiff additional time to respond to the requests for admissions and advise him of the necessity of answering. *See* Fed. R. Civ. P. 36(a)(3) (authorizing court to extend or shorten time to respond to requests for admissions). In light of the extension of time granted to Plaintiff, the Court will deny Defendant Kinkade's motion for summary judgment without prejudice as premature.

## II.   CONCLUSION

It is therefore ordered that Defendant Kinkade's motion for summary judgment (ECF No. 33) is denied without prejudice.

It is further ordered that Plaintiff Allen shall have 30 days from the date this order is served to respond to Defendant Kinkade's requests for admissions. Plaintiff is advised and notified that pursuant to Rule 36 of the Federal Rules of Civil Procedure that the matters contained in Defendant Kinkade's requests for admissions shall be deemed admitted unless the requests are responded to within 30 days after this order is served upon Plaintiff.

DATED THIS 16th day of November 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE